UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

MS. LORRAINE SCHMIDT, MR. ALVIN FOIGELMAN,

    Plaintiff,

  -v-                              DECISION AND ORDER
                                      11-CV-0957S

BANK OF AMERICA; JOSEPH GOGAN;
STEVEN BAUM,

    Defendants.

———————————————————————

Plaintiffs, Lorainne Schmidt and Alvin Foigelman, filed a *pro se* complaint against defendants Bank of America and two local attorneys, Joseph Gogan and Steven Baum alleging, as best the Court could discern, that defendants foreclosed on their property. (Docket No.1, Complaint, ¶ 2C; Docket No. 3, Order, at 1.) The nature of plaintiff's claims and the basis of jurisdiction was not at all clear. The complaint stated that the "Nature of Suit" was "Bankruptcy Chapter 7 [and] foreclosure laws, fraud, forgery," (Complaint, ¶ 2C), and that the "Basis of Jurisdiction in Federal Court" was "Western District of New York" (*id.*, ¶ 2A). The complaint alleged that Baum foreclosed on their property for $76,775.38 and that Gogan foreclosed on the property for $79,510.29, and that there was a "federal offense" against a local television reporter who was not named as a defendant. (Complaint., ¶ 5A, at 4.) The complaint also noted a third amount next to Bank of America's name in the amount of "$65,894.427" [sic]. The complaint also alleged "negligence for [three] years, housing code violation, [C]ity of [B]uffalo foreclosed for unknown house value[,] total loss-decaying." (*Id.*) When asked the federal basis of their

claims, plaintiffs alleged "perjury" and asked the Court to "relieve [them] of aggravate[d] harassment, lawsuit injury [and] damages." (*Id.*)

Because there did not appear to be a federal jurisdictional basis for their claims, *see* 28 U.S.C. § 1331 (arising under jurisdiction), and § 1332 (diversity of citizenship jurisdiction), and because plaintiffs may have been challenging a state court foreclosure judgment or judgments, which would have been barred by the *Rooker-Feldman* doctrine, *see, e.g., Feinstein v. The Chase Manhattan Bank*, 2006 WL 898076, at *2 (E.D.N.Y., April 5, 2006) (citing *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)), the Court directed plaintiffs to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction and on the basis of the *Rooker-Feldman* doctrine. (Docket No. 3, Order.) The Court also directed plaintiffs to file an amended complaint which (1) set forth the basis of this Court's subject matter jurisdiction, (2) stated in factual terms the nature of plaintiffs' claims against each of the defendants--*e.g.*, what did the defendants do (or not do) that plaintiffs claim entitled them to some form of relief against the defendants, and (3) set forth the type of relief plaintiffs were seeking against the defendants. (*Id.*, at 7-9.)

Plaintiffs have filed both an amended complaint (Docket No. 5) and a reply to the Order (Docket No. 4). The amended complaint is not dissimilar to the original complaint and alleges that the Nature of Suit is "Bankruptcy Chapter 7, Personal Injury Harassment [and] a personal property claim." (Amended Complaint, ¶ 2C, at 1.) The First Claim alleges that Baum, Gogan and Bank of America "fraudulently . . . "stole[] approximately $222,079.94 from them, and that the property at issue is "decayed." Plaintiffs also state

that they "would like relief, a personal injury lawsuit[,] also a personal property [d]amage suit." (*Id.*, at ¶ 5A, at 4.)

The reply notes that plaintiffs are claiming "fraudulent activity, forgery, perjury, neglect of the said property [in City of Buffalo]" against the defendants and that the defendants and the City of Buffalo foreclosed on the property on October 10, 2010 and since that time the property is "decaying." (Docket No. 4, Reply.)

Based upon review of both the amended complaint and reply, it is clear that, for the same reasons set forth in the Court's prior Order (Docket No. 3), plaintiff's claims are barred. To the extent plaintiffs are challenging a state foreclosure proceeding and judgment, their claims are barred by the *Rooker-Feldman* doctrine, *see Feinstein*, 2006 WL 898076, at *2 (citing *Rooker*, 263 U.S. 413, and *Feldman*, 460 U.S. 462). To the extent plaintiffs are raising claims of fraud, harassment, negligence, etc. those claims are barred because there is no subject matter jurisdiction over them. *See* 28 U.S.C. § § 1331 and 1332.

Accordingly, plaintiff's amended complaint is dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the amended complaint is dismissed without prejudice.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals

as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

### ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the amended complaint is dismissed for lack of subject matter jurisdiction; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated: Nov. 20, 2012
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge